Mu. Chief Justice Johnson delivered the opinion of the Court. The demurrers to the first, third and fourth replications of the plaintiff to the defendant’s plea of the Statute of limitations, were improperly sustained. The replications, it will be admitted, were unauthorized and insufficient as an answer to the Statute of limitations in case ithad been well pleaded; but the plea interposed being no answer to the declaration, the replications were consequently sufficient for it. The rule is, that where a demurrer is interposedit reaches back, and the judgment must be given against the party who committed the first error. , The action of replevin is embraced by the words used in the last clause of the 7th Section of the 99th Chap. of the Digest, and consequently is not barred till the expiration of three years from the passage of that act, or, in case the cause of action shall not have accrued at the taking effect of the act, then not until the expiration of three years after the cause of action shall have accrued. If the plea was designed to set up and rely upon the Statute of limitations, it was clearly insufficient, as the plaintiff was under no legal obligation to bring his suit within two years from the time his cause of action accrued', and consequently, the demurrer to the replication extending back to the plea, the judgment rendered upon it should have been against the defendant. But if, on the contrary, it was intended as a denial of the truth of the plaintiff’s affidavit, it was wholly inadmissible, as that was not a matter for controversy. The truth of the affidavit made by the. plaintiff in this form of action cannot be contested, as it is required merely as a pre-requisite to the institution of the suit,, and! is in no manner connected with the merits of the cause. The effect of replevin being to change the possession of the property, the Legislature thought proper to require of the plaintiff an affidavit that his cause of action had accrued within two years', in order to rebut the apparent right of the defendant arising from length of possession. True it is that the entire absence or even insufficiency of such affidavit would be good cause of abatement, if aptly pleaded, but if well framed and filed in accordance with the Statute the action must be allowed to progress. The replications seem to have reference to, and, ¡we presume, were based upon the 15th Sec. of Chap. 99, of the Digest. This Statute was not in force at the institution of the suit, and even if it had been, it could not have availed the plaintiff, as that section was evidently designed and is by the very words of the act restricted to the case of absconding debtors. The next question is whether the judgment is correct or not upon the case as made by the testimony. That the defendant below did sell the slaves in controversy to the plaintiff and execute a bill of sale, absolute on its face, there can be no doubt, and it is equally clear that, notwithstanding the express declaration contained in that instrument to the contrary, no consideration in fact ever passed between the parties. It also appears from the evidence that the slaves never were delivered to the plaintiff. This latter circumstance suggests a very important enquiry, and that is whether the law will lend its aid to enforce the execution of the contract by compelling a delivery of the property. The solution of this question will depend upon the construction that shall be put upon the Statute of Frauds. It will be conceded that constructions essentially different have been placed upon a similar Statute, and consequently we are left to decide upon the soundness of each, and to adopt the one which shall seem most consonant to principle and reason. It has been supposed by some able and eminent jurists that fraudulent contracts are void only as against creditors and purchasers, but that the immediate parties are bound by them, and that if unexecuted the law will aid them in their execution. The 4th Section of our Statute of Frauds declares that “ Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, or in goods and chatties, or things in action, or of any rents issuing therefrom, and every charge upon lands, goods or things in action, or upon the rents and profits thereof, and every bond, suit, judgment, decree or execution made or contrived with the intent to hinder, delay or defraud creditors or other persons of their lawful actions, damages, forfeitures, debts or demands, as against creditors and purchasers prior and subsequent shall be void.” This is substantially the same as the Statute of Elizabeth -upon the same subject matter, and consequently the construction of the one must be strictly applicable to the other.— The question involved here was examined with much labor and extensive research by the Supreme Court of New York in the case of Nellis vs. Clark, reported in 20 Wendall at page 24 et Seq. The majority of the Court in that case, in their opinion delivered by Co wen, Justice, held that the Statute was nothing more than a declaration of the common law or an enlargement of its principles, and that the rule is the same whether the consideration of the contract be immoral or illegal as against public policy or express Statute, or merely designed to defraud creditors or purchasers. This doctrine, however, was denied by Nelsost, Chief Justice, who delivered a dissenting opinion. He held that where the contract was unexecuted and not founded on an immoral or illegal consideration, but merely affected with fraud as being designed to hinder, delay or defraud creditors, it was binding upon the parties. We have scanned both of the opinions closely, •and considering the immense array of authorities, and the very able manner in which they were discussed and illustrated, and how fully and clearly the principle was evolved and illustrated, we will not again enter upon its discussion, but will content ourselves by a mere reference to the opinions. At the same time that we adopt the doctrine of the majority opinion, we are free to admit that there is great plausibility in that of the minority.(a) This is but an extension of the principle laid down by this Court in the case of Martin vs. Royster et al. (3 Eng. 82.) It is there laid down that a contract founded upon an immoral orille-gal consideration is void as to the immediate parties, and that the law will not lend its aid to either to enforce it, but will leave them both precisely where it finds them. The deduction to be drawn from the case already referred to, decided by the Supreme Court of New York, is that the rule is exactly the same whether the consideration be illegal in the strict sense of that term or merely fraudulent as to creditors and purchasers. The general rule, that contracts tainted with fraud are binding upon the immediate parties, seems to be subject to such a modification as merely to include such as are already executed, and not those that are simply executory. This is the only possible sense in which this rule can be reconciled with the authorities. Where the contract is executed it may, with propriety, be said to be binding as the law will not relieve either party, no matter how great may be the hardship to which he shall have subjected himself; but where it is executory it cannot be said to be binding because the law will not lend its aid to either party to enable him to enforce it according to its terms. According to the proof in this case the conveyance of the ne-groes was made for the avowed purpose of protecting the pi>op-erty against a claim incurred by the defendant as a surety. The fact that the conveyance was made for the purpose of defrauding the creditor of the defendant being established by proof, it is clear that under the doctrine here recognized, the law will not lend its aid to enable the plaintiff to obtain possession of the property. The judgment is therefore right arid proper upon the proof submitted in the trial of the cause. The Court, as before stated, clearly erred in sustaining the demurrers to the plaintiff's replications and rendering judgment against him, yet as the judgment is right upon the whole case as developed by the testimony, and inasmuch as the defendant derived no manner of advantage from his plea of the Statute of limitations, the judgment will not be disturbed. The judgment of .the Circuit Court-of St. Francis county herein rendered is therefore in all things affirmed. Note —The case of Nellis vs. Clark, was affirmed by the Senate of New York. 4 Hill’s Rep. 424. — Reporter.